BEARD, APPELLANT, *v.* N.N. INVESTORS INSURANCE COMPANY, INC., APPELLEE.

(No. 84AP-976 — Decided March 7, 1985.)

*Wolske & Blue, Walter J. Wolske, Jr.,* and *Julie Van DeMark,* for appellant.

*Bricker & Eckler* and *James A. Readey,* for appellee.

NORRIS, J. Plaintiff, Rae L. Beard, appeals from an order of the trial court

granting defendant's motion for summary judgment. In her complaint, plaintiff alleged that defendant insurance company was required to pay benefits to her under its policy of health insurance. Defendant answered with the assertion that it had rejected plaintiff's claim for benefits, cancelled the policy, and tendered a refund of the premiums, because plaintiff falsely misrepresented material facts on the application for the policy.

In its motion for summary judgment, defendant contended that, although the company's agent wrote the answers to the questions found on the application, and although he entered plaintiff's weight as one hundred ninety pounds when she told him it was two hundred fifty pounds, that, nevertheless, recovery on the policy was barred because she knowingly colluded with the agent in providing defendant with the false answer.

Plaintiff, for purposes of this appeal, concedes that defendant's evidentiary materials established all the elements required by R.C. 3923.14 to bar recovery under an insurance policy on grounds of false statements in the application for the policy, except the element that the statements were fraudulently made.

Where an application for insurance is made out by the insurance company's agent, who fills in false answers to material questions which have been truthfully answered by the applicant, and there is no knowledge, fraud or collusion by the applicant, the insurer cannot avoid liability on the policy since the false answer was the product of the company's agent. *Saunders* v. *Allstate Ins. Co.* (1958), 168 Ohio St. 55 [5 O.O.2d 303]; *Insurance Co.* v. *Williams* (1883), 39 Ohio St. 584. And, the company is bound, even though the insured may have known the answer was technically incorrect, where, upon his having answered the question correctly, the agent construes the question to call for a different answer and so advises the insured and enters an incorrect answer. Again, the falsity was the product of the company's agent—he led the insured to a mistake and caused him to fall short of the correct answer. *Harris* v. *Columbiana Cty. Mut. Ins. Co.* (1849), 18 Ohio 116, 122. See, also, Annotation (1969), 26 A.L.R. 3d 6.

A duty of good faith on the part of the insured is essential if the company is to be bound; thus, if he connives with the agent to give false answers, for the purpose of defrauding the company, it will not be bound on the policy. Under those circumstances, the false answer will not be the sole product of the company's agent; it will be the result of the collusion of the agent and the insured. *John Hancock Mut. Life Ins. Co.* v. *Luzio* (1931), 123 Ohio St. 616. The Ohio Supreme Court appears to have adopted the rule that the insured's good faith must be continuing; that, for example, the good-faith requirement extends to a situation where the insured gives the correct answer to the agent who, without the insured's knowledge, records a false answer on the application, and the insured later discovers the falsity when the policy is issued to him with a copy of the application attached, but he does not notify the company of his discovery. *Redden* v. *Constitution Life Ins. Co.* (1961), 172 Ohio St. 20 [15 O.O.2d 53]. Under these circumstances, once the false answer is discovered, the insured becomes a participant in the fraud by not advising the company. *Redden* v. *Constitution Life Ins. Co.* (1960), 113 Ohio App. 202 [17 O.O.2d 177], affirmed (1961), 172 Ohio St. 20 [15 O.O.2d 53].

Accordingly, under the circumstances of this case, the question before the trial court on summary judgment was essentially this: construing the evidentiary materials most strongly in plaintiff's favor, could reasonable minds come only to the conclusion that plaintiff

comprehended the surrounding circumstances to the extent that she, in bad faith, participated with the company's agent in making the false answer with the intent to defraud the company?

Defendant relies upon those portions of plaintiff's deposition where she said that she told the agent she weighed two hundred fifty pounds but that he wrote one hundred ninety pounds; that, when she inquired of the agent the reason for his doing so, he said the company had a policy that they would not issue insurance coverage to a person weighing more than two hundred pounds; that she let him write one hundred ninety pounds because her family did not have any coverage at the time; and that she knew the agent "was doing a dishonest thing" to the insurance company.

In her affidavit which accompanied her memorandum in opposition to defendant's motion for summary judgment, plaintiff said that:

"5. At no time did I intend to deceive anyone as to my true weight, and I believed an incorrect weight was recorded only because it was standard procedure for insurance companies, and in particular NN Investors Life Ins. Co., to record weights at under 200 pounds.

"6. I believed that the agent, William Dickson, had the authority to record all weights at under 200 pounds, and that recordation of weights at under 200 pounds was a mere formality to obtaining coverage, and that I had obtained valid coverage under the policy.

"7. Had I known that the recordation of an incorrect weight was intended by the agent, William Dickson, to operate to deceive or defraud the insurer NN Investors Life Insurance Co., I would not have purchased insurance from NN Investors, but would have instead sought valid coverage elsewhere."

Although some of these statements would appear to be in conflict with statements made in her deposition, nevertheless, they raise a factual question of whether plaintiff, in good faith, relied upon a construction by the agent of the answer called for by the weight question on the application. Should the trier of the facts weigh the evidence and conclude that plaintiff was warranted in believing that, although the company would not issue coverage where a weight in excess of two hundred pounds was recorded, nevertheless, it was the custom of the company to issue coverage to those persons who weighed in excess of two hundred pounds so long as the weight recorded on the application by one of its agents was less than two hundred pounds and, further, that she, reasonably and in good faith, relied upon the agent's construction of the answer called for, then, the company would be bound on the policy.

There being a genuine issue as to material facts which was incapable of resolution by summary judgment, the assignment of error, that the trial court erred in granting summary judgment, is sustained. The judgment of the trial court is reversed, and this cause is remanded to the trial court for further proceedings according to law and consistent with this decision.

*Judgment reversed*
*and cause remanded.*

STRAUSBAUGH and WHITESIDE, JJ., concur.